[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION TO TERMINATE THE PARENTAL RIGHTS OF TYLONNA G AND TOMMY R PARENTS OF KEYSHAWN G
The Court after reviewing the evidence makes the following findings by clear and convincing evidence:
The child has been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. In addition, the child has been found in a prior proceeding to be neglected and both parents have failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time they can assume a responsible position in the life of the child. The Court further finds that there is no on-going parent-child relationship with respect to either parent as ordinarily develops as a result of a parent meeting the child's needs.
In addition to the foregoing, the Court makes the following findings as required by statute, also by clear and convincing evidence:
1. The Court finds that appropriate service was offered to both parents on a timely basis in order to facilitate the reunion of the child and parent. Specifically, the Court finds that services were offered to both parents at the Wheeler Clinic and at Catholic Family Services with respect to anger management, parenting skills, and substance abuse. In addition, services were offered to the mother at the Bristol Shelter and at the transitional Living Program. Services were also provided in order to facilitate visitation and to establish and maintain the relationship between the parents and the child. Neither respondent has followed through or taken advantage of the services offered.
2. The Court finds that the Department of Children and Families as made a reasonable effort to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended. In support of that finding, the Court notes the Social Study for the Termination of Parental Rights marked as State's Exhibit A, which study is dated August 14, 2000. In addition, the Court notes that on July 27, 2000 the Court made a finding that further CT Page 13574 efforts toward reunification were no longer appropriate as to the parents.
3. Findings regarding the terms of applicable Court orders entered into and agreed upon by any individual or agency and the parent, and the extent to which the parties have fulfilled their obligations under such orders. "Specific steps" were outlined for the respondents on September 17, 1999. Among other things, those steps required the respondents to make the Department aware of their whereabouts, to participate in counseling as ordered, to submit to substance abuse assessment and treatment, including random drug testing.
In addition, the steps ordered each of the parents to visit the children as often as possible. Both respondents have failed to comply with those steps in any meaningful way. Most notably, they have not participated in counseling. The respondent mother has continued her chronic substance abuse, has failed to address her lack of parenting skills, her issues of homelessness, anger management, and her inability to provide for the child's needs. With respect to the respondent father, he visited only on two occasions in January 2000, and has not seen the child since January 12, 2000. They have not consistently inquired as to the well being of the child. Neither has supported the child either emotionally, physically or financially.
4. Findings regarding feelings of emotional ties of the child with respect to each parent, or any guardian or person who has provided physical care for the child. The child has significant emotional ties with her foster parents where he has lived since September 13, 1999. The child has not seen the father since January 12, 2000. The child has no bond and/or emotional ties to the father. The child's contact with the respondent mother has been sporadic at best. The child had three visits with her mother, on January 12, January 19, and May 23, 2000. The observation was made at those visits that the child has a minimal connection and bond with her mother. The child does not seek comfort or affection from the mother and does not recognize her as a parent. The mother has not visited the child since May 23, 2000.
5. The child was born on December 1998.
6. The parents have made minimal efforts in order to adjust their circumstances, their conduct, and conditions to make it in the best interests of the child to return to her home in the foreseeable future. As mentioned above, the parents have visited the child very sporadically and not at all since May 23, 2000. In the case of the respondent father, he has not visited the child since January 12, 2000. Neither parent has made any financial contribution to the child's maintenance nor have they CT Page 13575 consistently recognized the child on special occasions such as birthdays or holidays. Neither parent has maintained consistent contact with the Department, nor have they made consistent inquiries as to the well being of their child. Neither parent has notified the Department is to their whereabouts, nor have they procured housing or made efforts to procure housing such as would warrant the hope that reunification would be possibile at some reasonable point in the future. In the case of the respondent mother, she has not taken my steps to address her lifestyle, nor her recurring problem with drug abuse.
7. There is no evidence to suggest that either respondent has been prevented in any manner from maintaining a relationship with the child. On the contrary, the evidence shows that the Department has made reasonable efforts to reunify the parents and child and to offer services which would allow the parents to establish and maintain such a relationship. The Court further finds that the economic circumstances of the parents were not a factor in their inability or failure to establish a relationship with the child.
In light of the foregoing, the Court finds that it is in the best interests of the minor child for the Court to terminate the parental rights of Tylonna G and Tommy R and the Court does terminate such rights. The Court hereby appoints the Commissioner of Children and Families as statutory parent for the minor child, Keyshawn G.
Robaina, J.